GEORGE W. KILLEN *et al.*, executors, plaintiffs in error, *vs.* ABSALOM MARSHALL, defendant in error.

1. Where the complainants allege that defendant was indebted to their testor, and had committed a fraud upon him by mortgaging lands to which he had no title, and had immediately after his death applied for and obtained homestead and exemption fraudulently, setting out the acts of fraud, and that this was done before they had received letters testamentary and qualified, and while the estate was unrepresented:

*Held*, that there is equity in the bill.

2. Even though the will may have been proven pending the application for homestead, and whilst the note of testator was in suit by one of the executors as bearer, yet when the entire transaction occurred in a few weeks after testator's death, and before the grant of letters:

*Held*, that the executors are not estopped by failing to resist the homestead pending the probate and qualification as executor.

Equity. Administrators and executors. Homestead. Fraud. Estoppel. Judgments. Before Judge HILL. Houston Superior Court. November Adjourned Term, 1874.

Reported in the opinion.

WARREN & GRICE, by brief, for plaintiffs in error.

H. M. HOLTZCLAW, for defendant.

JACKSON, Judge.

1. The bill was dismissed, and the judgment of the court dismissing it is the error assigned. It alleges that Baskin, the testator of complainants, held a note on defendant, Marshall, for some $1,200 00, secured by mortgage on two lots of land, as Baskin thought, but the title was not good in Marshall, and the note could not be collected out of the mortgaged property; that Baskin died, and before letters testamentary were issued to complainants, Marshall had a homestead and exemption *fraudulently* set apart to his property, leaving out of his schedule sundry notes and accounts, and afterwards realizing upon some of them, and wasting some of the personalty, on purpose to defraud creditors, by scattering large

Killen *et al. vs.* Marshall.

quantities of cotton seed over his land exempted; that his realty exempted is worth $3,000 00, and the personalty $1,500 00, and offering to take each at those figures; that five days after Baskin's death, Marshall applied, and in a short time thereafter, before the letters issued and executors qualified, the homestead and exemption were set apart to him. The bill does not allege when the will was admitted to probate, ·but it is inferable that it was pending these proceedings to set apart the homestead. We think the case made by this bill entitles complainants to a hearing in equity. The case is within the principle ruled in *Brown vs. Thornton,* 47 *Georgia Reports,* 474. The fact, if it were true that the will had been proven before the homestead and exemption were set apart, would not take this case out of the principle ruled there, in our judgment; because, while the executors might have done many things after probate, and before their qualification, we do not think that the estate should be estopped by their failure to act in a case of this kind.

2. Nor do we think the estate should be estopped because the note was sued by Killen, one of the executors, as bearer, even if that suit was brought by him before the homestead was set apart: Code, section 2438. If we analogize the duties of executors in such cases to those of administrators under temporary letters, the estate would hardly be estopped; and as the case made by the bill, which the judgment of dismissal admits to be true, is one of gross fraud, sufficient in law to annul this entire exemption and homestead, as to creditors, Code, section 2005, and as the complainants are wholly remediless at law, and the case is one for the interposition of equity, we reverse the judgment, and rule that the court below set the cause for a hearing.

Judgment reversed.